## LIABILITY FOR THE NEGLIGENCE OF FELLOW-SERVANTS.

Common Pleas Court of Franklin County.

WILLIAM BISCH v. THE RALSTON STEEL CAR COMPANY.

Decided, May 22, 1914.

*Master and Servant—Liability for Negligence on the Part of a Fellow-Servant—Where the Master Has Not Paid Into the State Insurance Fund—Assumption of Risk and Contributory Negligence Distinguished—When the Decision of a Higher Court Must be Regarded as a Precedent.*

The provision of Section 1465-60 of the workmens' compensation law, that employers "shall be liable to their employees for damages suffered by reason of personal injuries sustained in the course of employment caused by the worngful act, neglect or default of the employer, or any of the employer's officers, agents or employees," has reference to a wrongful act, neglect or default of an employee without regard to the fellow-servant or assumption of risk rule; and it follows that in an action by an employee for injuries suffered through the negligence of a fellow-employee, the only question for submission to the jury is whether the injured servant exercised ordinary care. *Gerthung* v. *Stambaugh-Thompson Co.,* 18 C.C.(N.S.), 496, distinguished.

*Harry Kohn,* for plaintiff.
*Fred M. McSweeney,* contra.

KINKEAD, J.

Plaintiff brings this action to recover $20,000 for personal injury alleged to have been caused by the negligence of the defendant. The negligence charged is that in putting on and adjusting the punch and die and in testing it to ascertain whether the punch will accurately enter the die when the power is applied. Before using the machine it is claimed that it was necessary to determine whether the punch when lowered would accurately enter the die; that the operator could and should have shut off the power driving the machine and to have accurately lowered the punch into the die to determine whether the punch accurately fitted into the die, but that the operator recklessly, carelessly and negligently failed and omitted to gradually lower the punch

into the die to test it to determine whether it accurately fitted into the die.

The defendant negligently lowered the punch by means of the power applied to the machine and as the punch descended rapidly into or against the die it did not accurately meet or enter therein and struck the side of the die with the result that a piece of steel struck the plaintiff's eye, destroying his sight.

Section 1465-60 makes employers who do not comply with the Workmen's Compensation Act liable to their employees for damages suffered by reason of personal injury sustained in the course of employment caused by the wrongful act, neglect or default of the employer or any of its employers, officers, agents or employees.

The defenses of the fellow-servant rule of assumption of risk and of contributory negligence are taken away.

The injury in this case was caused by Herter, who was a servant of the defendant, engaged in the operation of the punch machine, the plaintiff being a helper. The two men were under the direct control of the foreman named Henry, so that they are to be regarded as fellow-servants. Without regard to what Henry may have said, or without regard to what Herter said, that this man followed his directions the two are to be regarded as fellow-servants, because they were under the general control and supervision of their work of the foreman. and that is the fact that governs.

It is said by the Supreme Court:

"That an employer who elects not to go into the plan of insurance may still escape liability if he is not guilty of wrongful act, neglect or defect. His liability is not absolute. * * * And it can not be said that the withdrawal of the defenses of the assumption of risk, fellow-servant and contributory negligence as against an employer who does not go into the plan is coercive. * * * As to the employee he has his remedy for the neglect, wrongful act or default of his employer or agent before the law is passed." *State, ex rel,* v. *Creamer,* 85 Ohio St., 347.

In *Gerthung* v. *Stambaugh-Thompson Company,* 18 C.C. (N.S.), 496, the Mahoning County Court of Appeals held:

"That though the statute takes away the defenses of the fellow-servant rule, contributory negligence and assumption of risk, it does not enlarge the basis of recovery on grounds of negligence beyond what existed at common law, and the employer is only required to exercise ordinary care under all the circumstances of the case. The only test of liability under the law, it is held, is whether the employer exercised the degree of care that ordinarily prudent persons are accustomed to exercise under the same or similar circumstances."

The court observed that if the act held the employer to a higher degree of care because of its failure to go into the plan of insurance it would seem that the Supreme Court would have referred to that fact and such finding might have led the court to a different decision as to the constitutionality of the act. The court especially disapproves an opinion by Pugh, J., in *Schafer* v. *The C. B. Company,* 13 Nisi Prius (N.S.), 553, where the Superior Court of Cincinnati held that the defendant's liability prescribed by the statute was not whether the employer exercised ordinary care but whether he was guilty of any wrongful act, neglect or default which caused the injury. The court concluded that neglect or default embraced all neglects or defaults; that to limit them to the mere failure to exercise ordinary care requires a resort to construction; necessitates reading into the language of the statute some qualification not expressed therein.

In *Schwartz* v. *Columbus Citizen Telephone Company,* this branch of the court of this county made certain rulings in respect to the admission of evidence that is analogous to the questions as they are presented in this case. There the plaintiff was an employee of the telephone company engaged constantly in climbing poles and in doing certain work thereon. He climbed a pole on the day that he was injured to do some work, which pole was rotten at the bottom and it broke, hurling him to the ground and he was severely injured. Evidence was offered to show that the custom and the ordinary rule among such companies, and the regulation of the defendant company was such that no general inspection was ever made of the poles, but that such workman was to do his own inspection by observing

whether the pole was safe before climbing. It was held in that case that such a rule would cast a duty upon the servant which primarily rests upon the master; that it had the effect of compelling the servant by implied contract to assume the risks incident to the obligations which the terms and conditions of the employment cast upon the master. To apply such a rule to the contract of employment it was said would not only relieve the defendant from all duty and obligation but it would be in direct contravention of the statute which deprives the defendant of the claim of defense of assumption of risk.

Now that rule of law was applied by the court only in rejecting certain evidence. But it was applied according to the construction of the statute placed upon it by the court. It was applied in respect to the doctrine of assumption of risk and the duty of the employer just as it is presented in this case. When that case was decided I had not the benefit of the court of appeals decision. I had before me the Cincinnati decision, by Judge Pugh, which I have quoted. But, on a motion for a new trial the court of appeals decision of Mahoning county was presented by counsel and on careful consideration this court then decided that that decision did not control; and the view entertained then was that the statute certainly meant something new or it would not have been enacted, and the motion for a new trial was overruled.

It was claimed by counsel in that case that this court was adopting a rule which resulted in an extension of a liability, at least to the extent of ruling out certain evidence which if it had been allowed to go in would have left no liability upon the company. But the case went off finally on the question of actual knowledge of the defective condition of the pole being brought home to a foreman, and the court charged the jury that that knowledge was chargeable under this statute to the master, and the verdict was in favor of the plaintiff and the motion for a new trial was overruled.

So in this case it may be said that under the common law when the plaintiff entered the employ of the defendant as part of his direct employment he impliedly undertook to assume the

ordinary risk of the negligence of a fellow-servant.   The common law rule of care imposed upon the master is measured by his contractual engagement of the servant.   The correlative duty and obligation which rested upon the master then was that he should exercise ordinary and reasonable care in the selection of servants and to observe the same degree of care to ascertain and learn of their incompetency during employment.

The courts have not always observed the inherent distinction that exists between assumption of risk and contributory negligence.   They are radically different and it is necessary to observe the distinction and especially in a case like this in construing the statute.   The matter of assumption of risk is a part of the contract of employment.   There is no negligent act involved in the doctrine at all excepting as may arise when the servant becomes aware of some defect or of some incompetency of a fellow-servant and sleeps on his rights; then you may characterize that conduct of his, if you please, as negligent.   But I would rather characterize it as estoppel; whereas the contributory negligence is pure negligence, and it arises at the time of the commission of the act, and has no antecedent predicate at all as assumption of risk has.

The duty of the master is based upon the implied obligation of the servant in assuming certain risks of his employment.   The conduct of the servant, unlike that of contributory negligence, is contractual in character rather than tortious.

There is no complaint made in this case concerning the incompetency of the servant of whose negligence plaintiff complains.   There probably could be none, as he had experience in shops where similar machines were used and worked on them. He knew the die and the punch had to be tested before used; he evidently did not do it in the safest way.

In *Gerthung v. Stambaugh-Thompson Company, supra,* the negligence charged was in not furnishing a proper horse to drive—analogous to not furnishing safe appliances.   Such a charge does not compare with the one here so far as it involves the application of the statute,   because the attitude and duty of the plaintiff in that case had no connection with or dependency

on the driving of the horse whatever, excepting as he might be guilty of contributory negligence, which is a new and independent act having no relation to the doctrine of assumption of risk; so that the court could not have had in mind the question as it is presented here.

The conduct and attitude of the plaintiff in this case dovetails in with the obligation of the defendant concerning the negligent act involved.

To give the construction to the statute adopted by the Mahoning County Court of Appeals and to apply it in this case would be to relieve the defendant from all responsibility, because there is no proof that it failed in its duty in selecting the servant, and being a fellow-servant the master owed no duty in respect to his ordinary acts of carelessness because under the common law they are assumed by the servant. It seems to be the plain purpose and intent of the statute to impose a liability.

Ordinary and reasonable care in respect to the common law duty of defendant applies to nothing else in this case than in the selection of the servant and in ascertaining and learning whether or not the servant during the course of the employment becomes incompetent.

It seems clear from what has been stated that the opinion of Johnson, J., in *State* v. *Creamer, supra,* could not have contemplated the question which is presented here so that the *dicta* contained in that case is not regarded as of binding force here.

So may it be said that the act of furnishing an unsafe horse to drive, as in *Gerthung* v. *Thompson Company,* the court of appeals in announcing the rule could not have had in mind the situation such as this case presents, where the common law obligation of the master and that of the servant form a composite whole constituting the contract which they entered into according to the common law doctrines.

It must then be concluded that the provision taking away "the fellow-servant rule, and the defense of assumption of risk "from the employer who does not comply with the law results in abrogaing part of the doctrine applicable to an employment between master and servant. The fellow-servant rule, the defense of the

assumption of risk as the language used in the statute, mean the same thing. Assumption of risk and contributory negligence are wholly different kinds of defenses. As already explained, the former involves contract, and where he sleeps on his rights there is a shade of negligence added. The latter is negligence pure and simple.

So when we read Section 1465-60 that the employers "shall be liable to their employees for damages suffered by reason of personal injuries sustained in the course of employment caused by the wrongful act, neglect or default of the employer, or any of the employers, officers, agents or employees," it must have reference to a wrongful act, neglect or default of an employee without regard to the fellow-servant or assumption of risk rule, because that is taken away and the plain language of the statute makes the employer liable for the wrongful act or negligence of the employee without regard to the rule of the assumption of risk. Thus applied, as it seems the statute must be to give all its parts force and effect, in a case like this the result is an imposed or an increased liability. By adopting such a construction full effect is given to all provisions of the statute. Adopting the construction of the court of appeals would require the application of the common law as it has been in respect to master and servant and the assumption of risk doctrine, with the result that though assumption of risk may not be pleaded, as it is not in this case, still by applying the rule of common law as announced by the court of appeals it would be giving the defendant the benefit of the defense of assumption of risk, which is forbidden by the statute.

While under the Constitution the decision in the court of appeals in this state is binding upon this court, still no decision of any higher court is to be regarded as precedent unless the doctrine announced, though purporting to be of general application, may nevertheless be consistently applied to. similar conditions and facts. The rule of the defendant's liability adopted by the court of appeals is entirely consistent with the duty of ordinary care in furnishing safe appliances or a safe horse to drive. The statute does not at all change the rule in respect to that kind

of an act. But in the present case it must result in a change or else the statute can not be given full effect.

The conclusion is that the employer is liable for the negligence of any employee whether he be a fellow-servant or not. This is the penalty to be paid by the employer for non-compliance with the statute. It is intimated by the court of appeals that the Supreme Court would probably not have held the law to be constitutional if it was supposed to have prescribed a higher degree of care, and the Supreme Court thought the withdrawal of the defenses not to be coercive. Nothing seems plainer than that it is coercive and that such was the purpose and intent. Whether that has anything to do with the constitutionality of the law is not for this court now to decide. It is supposed that the Supreme Court took into consideration all contingencies that might arise when it held the statute constitutional. In this case I am assuming that the law is constitutional. I can see no other consistent position to take in this case. It is not my innovation, but it is that of the Legislature. Otherwise his case would give the defendant the benefit of the assumption of risk doctrine, when the effect of the statute is to obliterate part of the rule which was a competent part of the doctrine that is to be applied to the duty of the master.

This leaves nothing but the question whether or not this servant observed ordinary care in the work in which he was engaged, to be submitted to the jury.

The motion for non-suit is overruled.